CONRAD G. HOELL ET AL., RELATORS, v. THE CITY COUNCIL OF THE CITY OF CAMDEN, RESPONDENTS. ·

Argued February 18, 1902—Decided June 9, 1902.

Members of the board of health of the city of Camden are appointed on nomination of the mayor, confirmed by the city council. The mayor made nominations to fill two alleged vacancies. The council declined to act, on the theory that no vacancies existed, the offices being in possession of persons claiming unexpired title thereto. There appears a fair ground of contention that vacancies do exist. *Held,* that it is the duty of the council, in good faith, to act upon the pending nomination, and others that may be made, in case of rejection, so that, upon confirmation, *quo warranto* may be possible.

---

On rule to show cause why a *mandamus* should not issue.

Before Justices DIXON and COLLINS.

For the relators, *William J. Kraft* and *Howard Carrow.*

For the respondents, *Henry M. Snyder, Jr.*

The opinion of the court was delivered by

COLLINS, J. The board of health of the city of Camden exists by virtue of an ordinance passed December 30th, 1886, in conformity with section 15 of chapter 197 of the public laws of that year (*Pamph. L., p. 280*), perpetuated under sections 9 and 11 of the Health act of March 31st, 1887. *Gen. Stat., p.* 1637. It consists of seven members, who are nominated by the mayor and confirmed by the city council, with a term of four years each. The term of office of Cooper B. Hatch as mayor of the city of Camden was due to expire in the month of March, 1901, and the terms of office of Henry H. Davis and Reuben H. Gaskill, as members of such board of health, were due to expire in the month of May, 1901, when the legislature, by an act entitled "An act relative to the time of election and appointment and terms of office of officers elected or appointed in cities in this state," approved February 28th, 1901 (*Pamph. L., p.* 41), extended the terms of all officers, elected or appointed (except justices of the peace), in all the cities of this state, until the first day of January next succeeding the date at which their respective terms of office would otherwise expire, except as to those whose terms would expire on the first day of January; and provided that such appointments should be for the terms fixed by law commencing on the first day of January.

On January 1st, 1902, Joseph E. Nowrey, having become mayor of Camden, sent to the city council the nominations of Conrad G. Hoell and Walter S. Bray as members of such board of health to succeed Messrs. Gaskill and Davis. Under legal advice that there were no vacancies in the board to be filled on January 1st, 1902, the city council decided to take no action on the mayor's nominations, and thereupon Mr. Justice Garrison, on relation of the nominees, ordered the council to show cause why a *mandamus* should not issue com-

manding them to take action on such nominations, either to reject or confirm the same.

The respondents contend that the act of February 28th, 1901, does not apply to the board of health of the city of Camden, their theory being that the members of such board are not city, but state officers, and that Mayor Hatch, in May, 1901, had reappointed Messrs. Gaskill and Davis for full terms. As it appears from the state of the facts agreed upon that these gentlemen have qualified and are acting as members of the board of health, we will not, in a proceeding to which they are not parties, prejudge their right to office. It must be conceded, however, that there is at least a fair ground for the contention that members of the board of health are city officers, and the relators, if their nomination is satisfactory to the council, should be enabled to secure a judicial determination of the question, which they cannot obtain without action on the present mayor's nominations. It is the plain duty of the city council in good faith to consider the nominations of the mayor and any others he may make, in case of their rejection, so that, upon confirmation, *quo warranto* will be possible. In no other way, if the incumbents are city officers, can the controversy be settled, for, under a general statute, city officers holding for fixed terms are continued in office until their successors are appointed and qualified. *Gen. Stat., p. 571, pl. 542.* Therefore, *quo warranto* by the attorney-general is not available. The statute cited was held applicable to membership in a board of health where the term of office was fixed by ordinance under the sanction of legislation similar to that authorizing Camden's ordinance. *Pamph. L.* 1880, *p.* 206; *Clarke* v. *Trenton,* 20 *Vroom* 349.

Let a peremptory *mandamus* issue accordingly.